IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TREVOR MANNY ANDERSON, ) | |
| ) | |
| Plaintiff. ) | |
| ) | Case No. 3:11-cv-0806 |
| v. ) | Judge Sharp/Brown |
| ) | **Jury Demand** |
| COMMISSIONER OF TDOC, et al., ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Kevin Sharp, District Judge

## REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are Motions to Dismiss filed by Defendants Schofield (Docket Entry 38) and Ricky Bell (Docket Entry 49). Defendants Desiree Andrews, Wanda Arnold, Correctional Medical Services, Inc., and Innocentes Sator (the "Corizon Defendants") filed a Motion for Summary Judgment. (Docket Entry 43). Plaintiff has filed a Response to Defendant Bell's Motion but has failed to respond to the other two. (Docket Entry 57). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Motion for Summary Judgment be **GRANTED** and the Motions to Dismiss be **GRANTED**.

I. INTRODUCTION AND BACKGROUND

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on August 22, 2011, alleging Defendants violated his civil rights under 42 U.S.C. § 1983. Plaintiff seeks damages and

1

injunctive relief. (Docket Entry 1).[1] He claims that he received inadequate medical care while incarcerated at Riverbend Correctional Facility from May to November 2010.

## II. STATEMENT OF UNDISPUTED FACTS

Because Plaintiff did not file a response, the Magistrate Judge adopts the Corizon Defendants' statement of undisputed facts as true. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (finding that, in the absence of a response to a dispositive motion, "a court's reliance on the facts advanced by the movant is proper and sufficient."). The Corizon Defendants' statement of undisputed facts is based on the Complaint and attachments. (Docket Entries 1, 2).

In May 2010, Plaintiff began experiencing abdominal pain. He signed up for sick call, and the nurse responded by asking him about his problem and then giving him medication. When the medicine did not help, he requested to see Dr. Sator.

Dr. Sator saw Plaintiff and ordered x-rays. He also ordered Plaintiff to use a scrotal support to address the complaints of pain when standing. Dr. Sator also prescribed Motrin for pain.

In September 2010, Plaintiff filed a grievance. Dr. Sator ordered an ultrasound of Plaintiff's groin. In Desiree Andrews's response to Plaintiff's grievance, she told him that Dr. Sator had ordered an ultrasound. Dr. Sator used the ultrasound as a diagnostic tool. The ultrasound was normal.

On September 21, 2010, Dr. Sator told Plaintiff that fluid buildup in his groin caused the pain. Although Plaintiff requested that Dr. Sator drain the fluid from his testicles, the medical

---

[1] Plaintiff's Motion for a Preliminary Injunction was denied. (Docket Entry 51).

conclusion was that it was not medically necessary. Dr. Sator examined Plaintiff on September 28, 2010, and the examination was normal for both testicles and the groin area. There was no pain or tenderness during the physical exam.

Plaintiff filed a second grievance on September 28, 2010. On October 21, 2010, Plaintiff met with the prison's Grievance Committee.

After he filed the September 28, 2010 grievance, and before the October 21, 2010 inmate grievance hearing, Plaintiff went to Vanderbilt.[2] The trip to Vanderbilt was after Dr. Sator told him on September 21, 2010 that he had fluid in his testicles. After Dr. Sator told Plaintiff about the fluid in his testicles, another doctor saw Plaintiff and prescribed pain medicine and antibiotics. This doctor also told him he should go to "the outside hospital." Plaintiff had emergency surgery in November 2010.

### III. LEGAL DISCUSSION

**A. Standard of Review for a Motion to Dismiss**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

---

[2] The Magistrate Judge assumes this reference is to Vanderbilt University Medical Center.

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id*. *See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

**B. Standard of Review for Summary Judgment**

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must review the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set

forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. In other words, the nonmovant must produce supporting factual evidence that is not "so conclusively contradicted by the record that no reasonable jury could believe it." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment rather, there must be evidence on which the jury could reasonable find for the nonmoving party. *Anderson*, 477 at 252.

**C. Analysis**

The Magistrate Judge noted in his Report and Recommendation on Plaintiff's Motion for Preliminary Injunction that:

> [Plaintiff's] case may well be subject to dismissal for failing to show personal involvement in the alleged unconstitutional activities of a number of the Defendants. Even negligent treatment claims do not as a rule make out a constitutional violation absent some verifying medical evidence about the harm of the delay. *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

(Docket Entry 34). Defendants have essentially made these arguments in their Motions.[3]

Defendant Schofield, the Commissioner of the Tennessee Department of Correction, and Defendant Bell, the former Warden at Riverbend, argue that Plaintiff has sued them based solely

---

[3] As an initial matter, the Magistrate Judge notes Plaintiff failed to respond to Defendant Schofield's Motion to Dismiss. Plaintiff did respond to Defendant Bell's Motion, however, and the Magistrate Judge has considered the arguments raised in Plaintiff's Response to the extent they are applicable to Defendant Schofield's Motion.

on their positions and involvement with the grievance process. (Docket Entries 39, 50). As employees of the state being sued in their official capacities, Schofield and Bell are immune under 42 U.S.C. § 1983. A state is not a "person" in an action pursuant to 28 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). There is no indication from Plaintiff's Complaint that Defendants Schofield or Bell condoned or acquiesced in the alleged constitutional violations. Section 1983 liability may not be premised on respondeat superior. *See Taylor v. Michigan Dept. of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). As Defendants point out, Plaintiff failed to show that either Bell or Schofield "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). Here, Plaintiff has alleged only that these two Defendants were engaged in supervising prison officials and conducting the grievance process. Therefore, the Magistrate Judge believes Plaintiff has failed to state a claim against Defendants Schofield and Bell, and the action against them should be dismissed.

With regard to the Corizon Defendants, Plaintiff has alleged they violated his rights under the Eighth Amendment by providing him with inadequate medical care.[4] In order to prevail on such a claim, Plaintiff must show that he had a sufficiently serious medical need and that the Corizon Defendants acted with deliberate indifference to his serious medical needs, *i.e.*, that their indifference was so severe as to constitute the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). To prevail on such a claim, Plaintiff must prove that the decision to provide no or substandard medical care was deliberate or "knowing." It

---

[4] Doctors who serve prison populations as government contractors satisfy the state action requirement of 42 U.S.C. § 1983. *West v. Atkins*, 486 U.S. 42, 54-57 (1988).

is not enough to show that the prisoner disagrees with the diagnosis and treatment provided by his physician. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996). Here, based on the undisputed facts, Plaintiff has, at most, alleged a claim for medical malpractice.

Under Tennessee law, to prevail on a claim for medical malpractice, Plaintiff must provide expert evidence establishing the Corizon Defendants were negligent in providing medical care that caused Plaintiff's injury. *See* Tenn. Code Ann. § 29-26-115; *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). *Hessmer v. Miranda*, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). Plaintiff has not provided expert evidence that these defendants were negligent and caused his injury. Plaintiff has provided only unsubstantiated allegations that doctors at the hospital told him his injuries were caused or exacerbated by his care at Riverbend. (Docket Entry 1). Defendant Sator filed an Affidavit that Plaintiff's treatment satisfied the applicable standard of medical care and explaining how he and his staff treated Plaintiff. (Docket Entry 43-2). The Magistrate Judge believes Plaintiff's claims against the Corizon Defendants should be dismissed.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendants Bell and Schofield's Motions be **GRANTED** and this action be **DISMISSED** against them. Further, the Corizon Defendants' Motion for Summary Judgment should be **GRANTED**. Because the Magistrate Judge believes these Motions should be granted, no Defendants would remain in the lawsuit, and this action should be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 13th day of April, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge